ROBERT P. HENK (SBN 147490)
SHERI L. LEONARD (SBN 173544)
henkleonard@aol.com
**HENK LEONARD**
2260 Douglas Blvd., Suite 150
Roseville, CA 95667
Telephone: (916) 787-4544
Facsimile: (916) 787-4530

Attorneys for Plaintiff
JONATHAN BARKER

DAVID C. KURTZ (SBN 330527)
dkurtz@constangy.com
CODY T. STROMAN (SBN 303413)
cstroman@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE LLP**
601 Montgomery Street, Suite 350
San Francisco, CA 94111
Telephone: (415) 918-3000
Facsimile: (415) 918-3001

Attorneys for Defendant
STOLI GROUP (USA), LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JONATHAN BARKER<br><br>    Plaintiff,<br><br>    v.<br><br>STOLI GROUP (USA), LLC; and DOES 1 through 5, inclusive,<br><br>    Defendants. | Case No.: 2:20-cv-02170-KJM-CKD<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

1

**STIPULATED PROTECTIVE ORDER**

Plaintiff Jonathan Barker and Defendant Stoli Group (USA), LLC (collectively "the Parties"), by and through their undersigned counsel, stipulate and agree that the above-entitled civil action ("Action") may involve the production of documents and/or information that the Parties may consider to be personal, confidential, proprietary, and/or protected by statutory or other legal privileges. Accordingly, the Parties and their undersigned counsel agree as follows:

WHEREAS, the Parties in the Action, during the course of the Action, have been and will be presented with requests and/or court orders seeking/requiring the production of documents and/or information that the Parties may claim to contain personal information, trade secrets, sensitive financial information, other proprietary commercial information, or other information of a confidential or sensitive personal nature;

WHEREAS, pursuant to Local Rule 141.1(c)(1)/(2), each Party maintains that the unprotected disclosure of the information more fully outlined in Section 2 below, may be harmful to the Party producing the information or to third parties necessitating protection;

WHEREAS, pursuant to Local Rule 141.1(c)(3), the Parties submit that the entry of this Stipulated Protective Order is necessary, as opposed to a private agreement between or among the Parties, given the possibility of disputes between the Parties hereunder, and their desire to ensure, in advance of any such dispute, procedures and obligations which comport with the Court's expectations and standards to avoid delays during the discovery process;

WHEREAS, pursuant to Local Rule 141.1(f), the Court shall not retain jurisdiction over enforcement of the terms of this Stipulated Protective Order once this action has been closed by the Clerk, unless otherwise ordered by the Court;

WHEREAS, the Parties reserve the right to object to any request that they believe should not require the production of any documents or information; and

WHEREAS, the Parties acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal or in redacted form; the United States District Court for the Eastern District of California's Local Rules and this Court's Standing Order (ECF 2-

1) set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal or in redacted form;

**THEREFORE, THE PARTIES HEREBY STIPULATE AS FOLLOWS:**

**1.     Scope of Order.**  This Protective Order ("Order") shall govern the use and disclosure of all alleged confidential, proprietary, trade secret or sensitive personal information ("Protected Information") produced by or on behalf of any Party or furnished by any person associated with any Party on or after the date of this Order in any pleading, discovery request, discovery response, document production, subpoena, subpoena response or any other disclosure or discovery proceeding in this Action.  Any Protected Information produced in this Action shall only be used by the receiving Party for the purposes of preparing for and conducting this Action and only as provided in this Order. This Order shall not, however, apply to the production and/or introduction of materials to the Court, which instead will be governed by the Court's Local Rules and Standing Order governing such issues.

**2.     Confidentiality Designations.**

   a.     A Party shall designate as "CONFIDENTIAL" only such information that the Party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as "CONFIDENTIAL."

   Information and documents that may be designated as "CONFIDENTIAL" specifically include:

       (i)     Personal information of the Parties and non-parties, including contact information and social security numbers;

       (ii)    Stoli's trade secrets, meaning information, including a formula, pattern, compilation, program, device, method, technique, or process, that derives economic value from not being known to the public generally and/or is the subject of efforts that are reasonable under the circumstances to maintain its secrecy ("trade secrets");

       (iii)   Stoli's non-public financial statements;

       (iv)    Stoli's confidential operational data;

     (v)  Stoli's confidential business plans;

     (vi)  Stoli's non-party personnel records, including job applications, employee personal information, performance counseling records, performance appraisals, compensation information, and tax forms;

     (vii)  Stoli's non-public employee sales data and performance figures;

     (viii)  Stoli's non-public competitive product pricing;

     (ix)  Stoli's non-public customer lists;

     (x)  Stoli's non-public customer purchase orders;

     (xi)  Stoli's non-public contracts with customers;

     (xii)  Stoli's contact information for its customers;

     (xiii)  Stoli's non-public marketing plans

and other sensitive information that, if not restricted as set forth in this Order, may subject (i) the producing or disclosing person or (ii) third parties to injury or potential legal liability. The Parties agree that, absent the protections outlined in the Order, disclosure of the aforementioned information or documents could result in irreparable harm to the Parties or third parties, and the Parties seek to mitigate this risk by entering into the Order.  Notwithstanding the foregoing, the Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may result in sanctions against the designating party.

  b.  The designation "HIGHLY CONFIDENTIAL" shall be reserved for extremely sensitive trade secrets, confidential information or items that are believed to be unknown to the opposing Party, or any of the employees of a corporate Party, the disclosure of which to another Party or non-party would create a substantial risk of serious harm to its/his/her competitive or financial position that could not be avoided by less restrictive means.

**3.**  **<u>Undertaking.</u>** Any documents or materials marked either "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" shall be held in confidence by each person/entity to whom they are

disclosed according to the procedures set forth in this Order; shall be used only for purposes of preparation, trial, and appeal or confirmation of this Action; shall not be used for any business or commercial purpose; and shall not be disclosed to any person who is not authorized to receive such information as provided herein. All documents or materials so marked shall be carefully maintained in secure facilities.

**4.     Manner of Designation.**

a.     The designation of documents or other materials shall be made by written notice in the documents or materials by affixing to it, in a manner that shall not interfere with its legibility, the words "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL." Wherever practicable, the designation of "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" shall be made prior to, or contemporaneously with, production or disclosure.  Documents or information designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" before entry of this Order shall be treated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" within the meaning of this Order. The non-designating Party may challenge any designation of confidentiality in accordance with Section 11 or Section 12 below.

b.     Each deposition transcript in this Action shall be treated provisionally by all Parties as "HIGHLY CONFIDENTIAL" for a period of fourteen (14) calendar days following receipt of the transcript.  Within the aforesaid fourteen (14) day period, any Party may designate particular portions of a transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by giving written notice of such designation to every other Party to the Action. To the extent possible, the Party making the designation shall be responsible for assuring those portions of the deposition transcript and exhibits designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are appropriately bound by the reporter. The Parties should avoid designating entire transcripts as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" where only a portion thereof or the exhibits used therein qualify for protection under this Order; to the extent reasonably practicable, only such portions or exhibits should be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Failure of a Party to so designate any particular transcript or exhibit or portion of thereof as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" establishes that such transcript, exhibit, or portion is not subject to this Order.

c. In the event that a Party is permitted by agreement or by order of this Court to inspect or review documents or things prior to production, all documents and things produced at such inspection will be considered to be HIGHLY CONFIDENTIAL. At the time documents and things are actually produced, however, an appropriate designation, if any, shall be placed on each document or thing in accordance with this Order.

**5.** **Use and Access of Confidential Information.**

a. **HIGHLY CONFIDENTIAL:** Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no document, thing or information designated as "HIGHLY CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

(i) the Court, or any Court personnel, and any court reporter or videographer recording or transcribing testimony in a deposition or hearing in this Action;

(ii) Counsel and in-house counsel for the Parties and their paralegals, law clerks, and clerical staff who are providing active assistance with representation of one of the Parties in this Action;

(iii) any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document or thing;

(iv) any expert or technical advisor retained or employed by any Party for the purposes of this Action, provided that said experts or consultants have executed a certification in accordance with Section 6 below;

(v) other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided that said person has executed a certification in accordance with Section 6 below; and

(vi) any Party or employee of a Party under the following conditions only: counsel for the Parties may show, discuss and review HIGHLY CONFIDENTIAL information and materials with a Party or an employee of a Party, but the Party or employee of the Party may not

(1) retain a copy of the HIGHLY CONFIDENTIAL materials; (2) view the HIGHLY CONFIDENTIAL materials other than under the direct supervision of counsel; (3) take notes concerning the content of the HIGHLY CONFIDENTIAL materials; (4) discuss or disclose the contents of the HIGHLY CONFIDENTIAL materials with or to other employees (excluding named Parties) or third parties unless these third parties are technical advisors (as defined in Section 6); and/or (5) use the HIGHLY CONFIDENTIAL materials for any purpose other than in connection with the prosecution or defense of this Action.

     b.   **CONFIDENTIAL:**  Except as set forth herein or in any subsequent order of the Court or by express written consent of counsel of record, no document, thing or information designated as "CONFIDENTIAL" shall be, directly or indirectly, delivered, exhibited or disclosed to persons other than:

     (i) the Court, or any Court personnel, and any court reporter or videographer recording or transcribing testimony in a deposition or hearing in this Action;

     (ii) Counsel and in-house counsel for the Parties and their paralegals, law clerks, and clerical staff who are providing active assistance with the representation of one of the Parties in this Action;

     (iii) any person identified from the four corners of the information, document or thing itself as having authored or previously received the information, document or thing;

     (iv) the Parties to this Action, provided, however, that disclosure may be made only to the extent necessary for the prosecution or defense of this litigation;

     (v) any actual or potential witness, provided that said witness has executed a certification in accordance with Section 6 below;

     (vi) any person testifying at a deposition, provided that said person has executed a certification in accordance with Section 6 below;

     (vii) any expert or technical advisor retained, employed, or consulted by any Party for the purposes of this Action, provided that said experts or consultants have executed a certification in accordance with Section 6 below; and

(viii) other persons who may be specifically designated by consent of all attorneys of record or pursuant to an order of the Court, provided that said person has executed a certification in accordance with Section 6 below.

**6.** **Disclosure and Certification of Confidentiality.** Before giving any witness or technical advisor access to information, documents or things designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL," the Party's Counsel who seeks to disclose such information to such witness or technical advisor shall require the witness or technical advisor to read and agree to be bound by this Order by signing a certification stating the following:

> I certify my understanding that documents, information, answers, and/or responses are to be provided to me pursuant to the terms and restrictions of the Stipulated Protective Order in *Jonathan Barker v. Stoli Group (USA), LLC* ("Order"). I have been given a copy of and have read that Order.
>
> I have had the meaning and effect of the Order explained to me by counsel who will be providing me with the information. I understand that such information and documents, and any copies and/or notes or other memoranda regarding information in such documents, shall not be disclosed to others except in accordance with that Order, and shall be used only for purposes of this proceeding. I agree to comply with the Order.

The term "technical advisor" shall mean any person, including but not limited to a proposed expert witness or consultant or consulting expert, with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.

**7.** **Safeguarding Confidential Information.** The recipient of any "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" material provided pursuant to this Order shall maintain such information in a secure and safe area and, recognizing the necessity to safeguard this information, shall exercise due and proper care with respect to its storage, custody and use.

**8.** **Filing Protected Materials in Court.** To the extent that a Party intends to file with the Court information, documents or things designated as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" in briefs, memoranda, deposition transcripts or any other documents, the Parties shall comply with the United States District Court for the Eastern District of California's

Local Rules regarding sealing or redacting documents on the public docket and Section 10 of this Court's Standing Order (ECF 2-1).

**9.     Final Disposition.**  Within ninety (90) days of the conclusion of this Action, including any appeals, all "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" information furnished pursuant to the terms of this Order, any notes reflecting Protected Information and all copies thereof, which are not in the custody of the Court, shall be returned to the Party furnishing that information or be destroyed (and certified by declaration as having been destroyed) by the Party in possession thereof.

Notwithstanding the foregoing: (a) any documents containing Protected Information which also contain privileged information or attorney work product may be maintained by Counsel; and (b) Counsel shall be permitted to retain a file copy of all deposition transcripts and exhibits, and documents and pleadings that were filed with the Court containing Protected Information, provided, however, that any such transcripts, exhibits, documents and pleadings containing Protected Information be maintained in compliance with the nondisclosure requirements of this Order.

**10.    No Presumption of Protected Status.**  This Stipulated Protective Order does not address discovery objections, nor does it preclude any Party from asserting objections to any discovery request for any reason permitted by the applicable rules of civil procedure or as otherwise permitted by law. This Order does not preclude any Party from moving for any relief cognizable under rules of civil procedure.

**11.    Challenging Confidential Designation.**  A Party may oppose the designation of Protected Information as "CONFIDENTIAL" by notifying the designating Party in writing.  The Parties shall make a good faith attempt to resolve the dispute by agreement.  If the Parties are unable to resolve the dispute, then within ten (10) days, the Party opposing the "CONFIDENTIAL" designation may serve and/or file a motion with the Court to have the designation modified or removed. The burden shall at all times remain with the designating Party to demonstrate the propriety of its/his designations.  Until (i) the 10-day service/filing period passes without a motion having been served/ filed or (ii) any motion timely filed is resolved by the Court, all documents and materials

with which a "CONFIDENTIAL" designation are being challenged shall be treated as "CONFIDENTIAL." Any motion filed pursuant to this Section shall identify with specificity each and every document or piece of information for which the "CONFIDENTIAL" designation is being challenged via motion due to a dispute and state the basis for such challenge.

**12.  Challenging Highly Confidential Designation.** A Party may oppose the designation of Protected Information as "HIGHLY CONFIDENTIAL" by notifying the designating Party in writing. The Parties shall make a good faith attempt to resolve the dispute by agreement. If the Parties are unable to resolve the dispute, then within ten (10) days, the Party seeking to maintain the "HIGHLY CONFIDENTIAL" designation may serve and/or file a motion with the Court seeking to maintain the designation. The burden shall at all times remain with the designating Party to demonstrate the propriety of its/his designations. Until (i) the 10-day service/filing period passes without a motion having been served/filed or (ii) any motion timely filed is resolved by the Court, all documents and materials with which a "HIGHLY CONFIDENTIAL" designation are being challenged shall be treated as "HIGHLY CONFIDENTIAL." Should the Party seeking to retain the "HIGHLY CONFIDENTIAL" designation not serve/file a motion within the ten (10) day time limit, the document shall immediately be deemed "CONFIDENTIAL" and not "HIGHLY CONFIDENTIAL." Any motion filed pursuant to this Section shall identify with specificity each and every document or piece of information for which the "HIGHLY CONFIDENTIAL" designation is sought via motion due to a dispute and state the basis for such designation.

**13.  Modification of Order.** Nothing in this Order shall preclude any Party from applying to the Court for an appropriate modification of this Order; provided, however, that before any such application, the Parties involved shall make a good faith effort to resolve the issues involved by agreement. Furthermore, the Parties may agree in writing, without approval from the Court, on the exclusion of particular information, documents, answers, or responses from the scope of this Order.

**14.  Inadvertent Production.** The inadvertent production by any Party of any document or communication that is protected by privilege, work product doctrine, statutory confidentiality, or otherwise will not operate as a waiver of the producing Party's right to assert a defense to

production of that document or communication, or any other document or communication, and any such material shall be returned promptly to the Party producing it on timely written demand identifying the specific document(s). Any information, document or thing mistakenly produced or disclosed without a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation may be subsequently designated by the producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at any time without waiving the confidential nature of the document or information. In each such case, the designating Party shall provide to all other Parties written notice of that subsequent designation and a copy of the document or thing marked in accordance with this Section. The receiving Party shall not be penalized if it discloses a document or information prior to receiving notice that the producing Party intended to designate the document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

**15.  Continuing Jurisdiction.** Pursuant to Local Rule 141.1(f), the Court shall not retain jurisdiction over enforcement of the terms of this Stipulated Protective Order once this action has been closed by the Clerk, unless otherwise ordered by the Court.

**16.  Non-Parties.** The existence of this Order may be disclosed to any non-party producing documents or information in this Action who may reasonably be expected to desire confidential treatment of such information. Such non-parties may avail themselves of the protections of this Order. By availing themselves of the protections of this Order, such non-parties consent to the jurisdiction of the Court for purposes of enforcing the terms of this Order.

**17.  Exclusions.** The restrictions set forth in any of the Sections hereof with respect to information, documents or things designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not apply to:

a. any information, document or thing which at the time of disclosure is in the public domain in its protected form;

b. any information, document or thing which after disclosure to a receiving Party becomes part of the public domain in its protected form as a result of a publication not in violation of this Order;

11
[PROPOSED] STIPULATED PROTECTIVE ORDER    CASE NO. 2:20-cv-02170-KJM-CKD

    c. any information, document or thing which a receiving Party can show was received by him or it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing Party; or

    d. to any Party who produced the information, document or thing designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

**18.** **Existing Obligations.** This Order shall not be construed as, and does not constitute, a novation of any existing obligations of confidentiality a Party may owe another Party. To the extent they already exist, all such obligations remain in full force and effect notwithstanding the provisions of this Order.

**IT IS SO STIPULATED**

Dated: January 25, 2021        HENK LEONARD

By: /s/ Sheri L. Leonard
(as authorized on January 21, 2021)
    Robert P. Henk
    Sheri L. Leonard
    Attorneys for Plaintiff
    JONATHAN BARKER

Dated: January 25, 2021        CONSTANGY, BROOKS, SMITH & PROPHETE LLP

By: /s/ David C. Kurtz
    David C. Kurtz
    Cody T. Stroman
    Attorneys for Defendant
    STOLI GROUP (USA), LLC

**ORDER**

The foregoing stipulation, having been entered and good cause appearing therefor,

**IT IS SO ORDERED**.

Dated: January 25, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE